**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In re:

JAMES V. MANZO, JR.

        Debtor.
_____/

Chapter 7

Case No. 6:05-bk-16443-KSJ

**MEMORANDUM DECISION ON DEBTOR'S MOTION
TO AVOID JUDICIAL LIEN OF SOUTHSTAR REALTY GROUP, INC.**

This case came before the Court for a hearing on May 2, 2006, to consider and act upon: (i) Debtor's Motion to Avoid Judicial Lien of Southstar Realty Group, Inc. ("Southstar") (Document no. 11); and (ii) Responses by Southstar (Document nos. 15 and 16). The Court finds and concludes as follows:

A.    Background.

1.    Judgments. Money judgments were entered by the Florida Circuit Court against the Debtor and in favor of Southstar as follows (the "Judgments"):

    a.    Stipulated Final Judgment, dated January 30, 1998. A certified copy of the judgment was recorded in the Public Records of Brevard County, Florida on February 20, 1998 at OR Book 3798, Pages 1964-1965 and on February 16, 2005 at OR Book 5422, Pages 8345-8346. See Southstar's Exhibit 1.

    b.    Final Judgment for Fees and Costs, dated March 12, 1998. A certified copy of the judgment was recorded in the Public Records of Brevard County, Florida, on April 14, 1998 at OR Book 3827, Page 335. See Southstar's Exhibit 2.

2.    Real Estate.  In August, 2002, the Debtor acquired the following described real estate in Brevard County, Florida (the "Real Estate") that is the subject of Debtor's motion:

> Lot 1, Royal Oak Golf & Country Club, according to the plat thereof as recorded in Plat Book 24, page 146, Public Records of Brevard County, Florida

3    Judgment Liens. Under Florida law, the Judgments became a lien when the certified copies of the Judgments were recorded in 1998. The judgment liens attached to the Real Estate simultaneously with the Debtor's interest in the Real Estate.

4.    Bankruptcy Case.  On October 15, 2005, the Debtor filed the above-referenced Chapter 7 bankruptcy case. Southstar was scheduled as a creditor.  Debtor claimed a homestead exemption for the Real Estate. Southstar did not object to the homestead exemption. Debtor's in personam liability for the Judgments was discharged.

B.    Discussion.

Debtor seeks to avoid the judgment liens pursuant to Bankruptcy Code § 522(f)(1), which provides in relevant part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled."

Bankruptcy Code § 522(f) is not available to avoid a lien where, as here, the judgment lien attached simultaneously with the Debtor's interest in the Real Estate.  See *Farrey v. Sanderfoot*, 500 U.S. 291, 296-97 (1991); *In Re Owen*, 961 F.2d 170 (11th Cir. 1992).

In *In Re Whelan*, 325 B.R. 462 (Bankr.M.D. Fla 2005),  the Court held that, under Florida law, a judgment that a creditor recorded against a judgment debtor four (4) years before the

debtor acquired homestead property gave rise to a judgment lien on the homestead property simultaneously with the debtor's acquisition of the ownership interest in the property, such that the lien did not burden any pre-existing interest of the debtor. Therefore, the lien could not be avoided on exemption-impairment grounds.

In this case, the judgment liens attached simultaneously with the Debtor's interest in the Real Estate. Therefore, the liens are not avoidable under Bankruptcy Code § 522 and the judgment liens remain enforceable, in rem, under applicable Florida law.

A separate order will be entered consistent with this decision.

DONE AND ORDERED this 9th day of May, 2006.

_____
KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

David R. McFarlin, Wolff, Hill, McFarlin & Herron, P.A., 1851 W Colonial Dr, Orlando, FL 32804

James V. Manzo, Jr., 3620 Nicklaus Drive, Titusville, FL 32780

Roy A. Praver, 3345 South Washington Avenue, Suite D, Titusville, FL 32780

George E. Mills, Jr., Trustee, PO Box 995, Gotha, FL 34734-0995

United States Trustee, 135 W Central Blvd, Suite 620, Orlando, FL 32801